UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ANDREW STEVENS,

                       Plaintiff,

        - against -

MATTSON TOMLIN,

                       Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-5898 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On July 31, 2023, *pro se* Plaintiff Andrew Stevens filed this action against Defendant Mattson Tomlin. (Compl., Dkt. 1, at 1.) On August 15, 2023, Plaintiff filed an Amended Complaint. (Am. Compl., Dkt. 4.) Plaintiff alleges copyright and plagiarism claims against Defendant and seeks monetary damages. (*Id*. at 4–5.) The Court grants Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Dkt. 2.) For the reasons set forth below, the Court dismisses the action with leave to amend within 30 days.

## BACKGROUND

Plaintiff's Amended Complaint is bare and provides only a few sentences about his allegations. First, he lists his basis for jurisdiction as: "plagiarism of screenplay" and "copyright infringement." (Dkt. 4, at 4.) Next, he explains that "[his] script is no longer valuable and its concepts, story line, characters, plot [sic]." (*Id*. at 5.) Lastly, as relief, he requests "millions of dollars in a movie that used my contents of my screenplay, without my consent." (*Id*. at 6.)

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021). Courts "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). In addition, the Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff's sparse allegations suggests he is attempting to state a claim arising under the Copyright Act, 17 U.S.C. § 101 *et. seq.* To establish copyright infringement under the Copyright Act, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 163 (2010) (copyright holders are generally required to register their works prior to suing for infringement); *Webb v. Stallone*, 555 F. App'x 31, 32 (2d Cir. Feb. 3, 2014). A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright. *See* 17 U.S.C. § 410(c); *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003). Furthermore, a plaintiff must establish that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's

2

work and the protectible elements of plaintiff's." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (internal quotation marks omitted).

Even liberally construing Plaintiff's Amended Complaint, he has failed to allege any specific facts against Defendant Mattson Tomlin, let alone a copyright infringement claim. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted). To satisfy this standard, a complaint must at a minimum "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (citation omitted). "When a complaint fails to comply with these requirements contained in Rule 8, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Chapman v. U.S. Dep't of Just.*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (citations and brackets omitted).

Here, Plaintiff fails to allege any facts against Defendant and also fails to allege facts to support a copyright infringement claim. *See Sharp v. Patterson*, No. 03-CV-8772 (GEL), 2004 WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004) ("[I]n light of this Court's understanding of the principle enshrined in Rule 8—namely, to provide defendants fair notice of the claims against them—a plaintiff suing for copyright infringement may not rest on bare-bones allegations that infringement occurred. Rather, [he] must identify the 'specific original work [that] is the subject of the claim' as well as 'by what acts' the defendant infringed the copyright." (citations omitted)).

3

Therefore, Plaintiff's Amended Complaint is dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the reasons explained above, Plaintiff's action is dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

Given Plaintiff's *pro se* status, the Court grants him leave to file a second amended complaint within thirty days of this Order.  If Plaintiff elects to file an amended complaint, it must be captioned "Second Amended Complaint" and bear the same docket number as this Memorandum and Order: No. 23-CV-5898 (PKC) (LB).  The second amended complaint will replace the amended and original complaint and must therefore stand on its own without reference to any previous complaints.  In the second amended complaint, Plaintiff must set forth facts to show that the Court has subject matter jurisdiction over his claims. Legal conclusions and conclusory allegations will not suffice.  Plaintiff must provide facts sufficient to allow the named Defendant to understand the basis for Plaintiff's claim.  Plaintiff must also provide the date and location for each relevant event.

In addition, should Plaintiff seek to pursue a copyright infringement claim for his screenplay, he must set forth facts to show ownership of a valid copyright and facts to show that the named Defendant actually copied elements of his work that are original.  Plaintiff must also provide the date he became aware of the alleged copyright infringement.  If available, Plaintiff should provide a copy of his copyright registration for the screenplay at issue.  Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, limited-scope legal assistance.

All further proceedings shall be stayed for 30 days. If Plaintiff does not file a second amended complaint within the time allowed or show good cause why he cannot comply, the Court shall direct the Clerk of Court to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 24, 2023
　　　　Brooklyn, New York